UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

PATRICIA ELAINE RICKER,                )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )
                                       )        CASE NO. 1:25-CV-214
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
            Defendant.                 )
                                       )

**<u>MEMORANDUM OPINION AND ORDER</u>**

On July 1, 2025, Claimant brought this action under 42 U.S.C. §§ 405(g) for review of the

final decision of the Commissioner of Social Security. [Doc. 1]. Upon consent of the parties pursuant

to 28 U.S.C. § 636(c), this Court has jurisdiction over this matter through entry of final judgment.

[Doc. 10].

Claimant filed her brief [Doc. 14] on December 5, 2025, and contends that this matter should

be remanded because the administrative law judge ("ALJ") failed to properly support her conclusion

regarding Claimant's residual functional capacity ("RFC") because she failed to adequately evaluate

the opinion evidence from treating provider FNP-BC Larry Crisp. The Commissioner filed a

response, arguing that the ALJ provided substantial support for her determination, finding that the

opinion from FNP Crisp was largely unpersuasive. [Doc. 19]. Claimant then filed a Reply. [Doc. 21].

After a thorough review of the record in this matter and the arguments presented by the parties

in their briefing, the Court issued its oral ruling on the record during a hearing on June 4, 2026.

Present during the hearing were Brandi Christine Smith, Esq. for Claimant and Craig Hundley, Esq.

for the Commissioner.

## I.  APPLICABLE LAW – STANDARD OF REVIEW

The Court set forth the applicable law while issuing its oral ruling.

## II.  ANALYSIS

During the hearing, the Court first commended the ALJ for her thorough summary of much of the record evidence, which was a difficult job given that the record in this case is approaching 4,000 pages. However, the Court further noted that in rejecting the opinions offered by FNP Crisp, Claimant's primary care provider, the ALJ spent only a single paragraph addressing the supportability and consistency of the opinions. This was particularly problematic because the ALJ rejected out-of-hand in full the limitations imposed by FNP Crisp on Claimant's ability to sit, despite having determined that Claimant had the following severe impairments: fibromyalgia; migraines; chronic obstructive pulmonary disease; asthma; diabetes mellitus; diabetic neuropathy; obstructive sleep apnea; osteoarthritis; congestive heart failure; lumbar degenerative disc disease; peripheral vascular disease; hypertension; bipolar I disorder; major depressive disorder; and generalized anxiety disorder. While in many cases where a fibromyalgia diagnosis is involved there is no objective evidence to support a Claimant's reports of pain and resulting limitations, here, Claimant's MRI findings showed that she has a broad-based, shallow disc bulge at L5-S1, a persistent far left lateral disc protrusion at T12-L1 with mass effect on left exiting nerve root at T12-L1, left foraminal stenosis, and a small central disc bulge at T9-10. (Tr. 23). Claimant complained of pain in her back, hips, hands, elbows, and knees, and pain that radiated into her lower extremities. Further, she had edema at times as well as experiencing numbness and tingling. Claimant's pain has been significant enough for her to be prescribed numerous pain medications over the last several years, including opioids. (Tr. 3243). Plaintiff has been prescribed at least seven medications which cause drowsiness as a side effect. *Id.*

While the ALJ and the Commissioner in his brief emphasized the many places in FNP Crisp's records where the curvature of Claimant's spine was noted to be normal, there was no acute tenderness to spinal palpation, no acute changs to baseline gait and station, and no acute deficits in her range of motion, the records make it clear, as gone over in detail during the hearing, that this language which was repeated over and over in Claimant's records was a placeholder rather than an actual finding upon examination. The Court reached this conclusion because many of the visits where the notation was made were telehealth visits where it would have been virtually impossible for FNP Crisp to have assessed Claimant's physical condition. Moreover, even for the in-person visits, Claimant was being seen for a specific issue, such as a sinus infection or a urinary tract infection where there would have been little reason for FNP Crisp to have evaluated Claimant's spine, gait and station or range of motion. Moreover, on many occasions, even with the notation referenced, other portions of the records from Claimant's visit made it clear that she was experiencing significant physical issues impacting these areas. Finally, the Court notes that curvature of the spine does not appear to be a significant reason for Claimant's pain.

In summary, the Court found that while the ALJ's decision might otherwise have been supported by substantial evidence, it could not be upheld because the Social Security Administration failed to follow its own regulations, and the failure prejudiced Claimant and deprived her of a substantial right. *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007); *see also Ackles v. Comm'r of Soc. Sec.*, 470 F. Supp. 3d 744, 752 (N.D. Ohio 2020). More specifically, the Court determined that despite ALJs being subject to reduced articulation requirements, the ALJ here failed to adequately address the all-important factors of supportability and consistency when addressing FNP Crisp's opinions. See *Jones v. Berryhill*, 392 F. Supp. 3d 831, 839 (M.D. Tenn. 2019) (citing *Pogany v. Berryhill*, No. 4:18-CV-04103-VLD, 2019 WL 2870135, at *27 n. 7 (D.S.D. July 3, 2019)) (internal quotations omitted) ("Supportability and consistency [are now] the most important factors,

and usually the only factors the ALJ is required to articulate."). The ALJ's articulation was most notably lacking in addressing the consistency of FNP Crisp's opinions with the overall record.

The Court further observes that in considering the opinions offered by FNP Crisp, the ALJ is not entitled to assume that Mr. Crisp's opinions were offered solely based upon the findings in his own medical records. It is clear from Mr. Crisp's records that as Claimant's primary care provider he was referring Claimant to other specialists, including pain management providers. He would be expected to be familiar with those providers' treatment of Claimant as well, given that he would have been responsible for coordinating her care.

In summary, if on remand the ALJ chooses to reject the opinions offered by FNP Crisp, and especially if the ALJ again finds that Claimant has no limitations in her ability to sit, there must be a far more thorough treatment of the supportability and consistency of FNP Crisp's opinions. Those opinions should be considered not only in the context of his own treatment records but in light of all of the medical information that he would have had available to him as Claimant's primary care provider. Claimant has consistently received treatment for a myriad of well-documented physical and mental health disorders. If on remand she is again found not to be disabled, there must be a thorough and clear reasoning provided to avoid her being bewildered "when told by an administrative bureaucracy that she is not..." disabled when "[her] physician has deemed [her] disabled...." *Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL 3702170 at *6 (E.D. Mich. Aug. 13, 2021) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

### III.    CONCLUSION

After considering the parties' filings and the record in this matter, and for the reasons stated above and on the record while issuing its oral ruling, the Court finds that although the Court might otherwise have found that the ALJ's opinion was supported by substantial evidence, because she failed to conform to the relevant legal standards set forth in 42 U.S.C. § 405, Claimant's request

for **REMAND** [Docs. 1, 14, & 21] is **GRANTED** and this matter is remanded to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 296, 113 S. Ct. 2625, 2629 (1993): *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98, 111 S. Ct. 2157, 2163 (1991). The Court takes this action pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Upon remand, the Commissioner **SHALL** further develop the record if he finds it necessary to do so to determine whether Plaintiff is disabled within the meaning of the Social Security Act, and the ALJ is specifically instructed to further consider and address the supportability and consistency of the opinions offered by FNP- BC Larry Crisp and adequately articulate the reasons for adopting in full or in part or rejecting those opinions.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge